IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEVIEW TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 7209 |
| | ) | |
| VISION SOLUTIONS, INC., STEPHEN MASSEY, and ALLAN CAMPBELL, | ) ) ) | Judge Aspen |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED
JURISDICTIONAL DISCOVERY REGARDING PERSONAL JURISDICTION**

Plaintiff Lakeview Technology, Inc. ("Lakeview") moves to take expedited discovery of Stephen Massey ("Massey") relating to the personal jurisdiction issues raised by the Massey in his Motion to Dismiss Lakeview's Complaint For Lack of Personal Jurisdiction.

1. On February 21, 2006, Massey filed his Motion to Dismiss Lakeview's Complaint, and raised for the first time the argument that he is not subject to personal jurisdiction in Illinois.

2. Massey bases his jurisdiction arguments on fact-specific allegations regarding his contacts with and activities in Illinois, and Massey's authority and autonomy in his work for Vision Solutions, Inc. ("Vision"). Massey alleges that he has had only limited contacts with Illinois other than his work for Vision. He further asserts that his communications with Eric Robinson and Defendant Allan Campbell ("Campbell") were not motivated by personal interests, but were "required by Vision as a matter of Vision's business necessity." (Massey Decl. ¶ 21.) Massey supports these allegations with a Declaration that is wholly conclusory and void of detail.

155593_1.DOC

3. Lakeview believes that Massey has not accurately described his contacts with Illinois, and that those contacts are far more extensive and relevant than Massey has alleged in his Motion or disclosed in his Declaration.

4. To determine the true extent of Massey's contacts with this state, Lakeview needs to conduct discovery aimed specifically at that issue.

5. Lakeview's filed a Response to Massey's Motion to Dismiss on March 14, 2006. Lakeview's Response establishes a prima facie case for personal jurisdiction over Massey. However, Lakeview requests leave to conduct expedited discovery on the jurisdiction issues, and leave to file an Amended Response brief at the close of that discovery.

6. Under this Court's precedent, a plaintiff should be granted jurisdictional discovery unless its claims are "clearly frivolous." *Black & Decker, Inc. v. Shanghai Xing Te Hao Industrial Co., Ltd.*, 2003 WL 21383325, at *4 (N.D. Ill. 2003), citing *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003); see also *Wells v. Hospital Group of Illinois, Inc.*, 2003 WL 21704416, at *3 (N.D. Ill. 2003) ("[C]ourts grant discovery on the jurisdictional issue if the plaintiff can show that the factual record is at least ambiguous or unclear on the issue.").

7. As further addressed in Lakeview's Response Brief, the allegations of Lakeview's Complaint and evidence in the public record establishes:

- Massey is a former senior executive of Lakeview, a corporation whose principal place of business is located in Oakbrook Terrace, Illinois.

- Through his employment with Lakeview, Massey met Defendant Campbell and Eric Robinson, who he later recruited to Vision.

- Through his work for Vision, Massey had frequent contact with Illinois-based employees of Vision, and worked on selling to customers of Vision that are based in Illinois.

- In engaging in the torts described in Lakeview's Complaint, Massey caused injury to Lakeview in Illinois.

- Robinson, Massey, Vision and Campbell are co-conspirators. As the Complaint clearly alleges (and Massey does not contest), Robinson took actions in Illinois in furtherance of the conspiracy. Specifically, Robinson lied over the phone and in person regarding his intent to join Vision, in a successful attempt to obtain access to Lakeview's business plans for the 2005/2006 sales year. Moreover, Robinson downloaded and obtained Lakeview's confidential information from its database, and attended confidential sales meetings in Illinois during his final weeks of employment with Lakeview.

In summary, the facts show that Massey's actions caused injury in Illinois, and that Massey should have reasonably anticipated being haled into court in Illinois.

8.  Lakeview requests that the Court direct the parties to conduct jurisdictional discovery during the next 30 days. If the Court grants Lakeview's Motion, Lakeview will serve document requests and interrogatories within two business days. Lakeview requests that the Court direct Massey to respond to those requests within twenty-one days. Additionally, Lakeview requests the Court to direct Massey to be available for a deposition within the week following his discovery responses.

WHEREFORE Lakeview respectfully requests that this Court enter an order providing for expedited discovery as requested above and for such additional relief as this Court deems appropriate.

Dated: March 14, 2006                                Respectfully submitted,

                                                     s/ William B. Berndt (ARDC #6269408)
Arthur J. Howe                                       One of the attorneys for Lakeview
Todd H. Flaming                                      Technology, Inc.
William Berndt
Schopf & Weiss LLP
312 West Randolph Street, Suite 300
Chicago, Illinois 60606
(312) 701-9300
(312) 701-9335 (fax)

## **CERTIFICATE OF SERVICE**

I, William B. Berndt, an attorney, certify that I caused a copy of the foregoing **Plaintiff's Motion for Leave to Take Expedited Jurisdictional Discovery Regarding Personal Jurisdiction** to be served by CM/ECF Noticing this 14th day of March, 2006, on the individuals listed below:

Daniel F. Lanciloti
Molly K. Eastman
Seyfarth Shaw LLP
55 East Monroe Street
42nd Floor
Chicago, Illinois  60603

s/ William B. Berndt (ARDC #6269408)
William B. Berndt

155593_1.DOC