# Exhibit A

# LAKEVIEW

## LAKEVIEW TECHNOLOGY INC.

## EMPLOYEE AGREEMENT – U.S.

This Agreement is made in consideration of my employment with Lakeview Technology Inc. (hereinafter "Lakeview").

1. **DUTIES.** I accept new employment or continuing employment with Lakeview. I agree that I will devote my full business time, attention, and ability to the business affairs of Lakeview. I acknowledge that as an employee, I have a duty of loyalty to Lakeview.

2. **COMPENSATION.** I will be paid a salary at the level specified by Lakeview from time to time and will receive benefits in accordance with Lakeview's plans and policies. Lakeview shall be entitled to withhold from amounts to be paid to me any federal, state or local withholding or other taxes, payroll deductions, or other charges which it is from time to time required to withhold. I acknowledge that benefit plans and policies are subject to change without prior notice.

3. **TERM OF EMPLOYMENT.** I understand and agree that my employment with Lakeview is at will, subject only to the terms of this Section. I understand I may terminate my employment with Lakeview at any time without cause upon giving Lakeview two weeks written notice. Lakeview may terminate my employment at any time without cause upon giving me two weeks written notice, or two weeks base pay in lieu of notice. My employment may be immediately terminated for cause at any time. Cause includes, but is not limited to, substandard performance, failure to perform in accordance with company policies and rules, or any act of dishonesty. Lakeview shall have no obligation to pay two weeks base salary upon termination of employment for cause, whether with or without notice. I understand that certain terms of this Agreement remain in effect after termination of my employment, regardless of the reason for termination.

4. **COMPANY CONFIDENTIALITY.** I acknowledge that in the course of my employment, I will gain access to and gain possession of Confidential Information (as defined below) of Lakeview. I agree to keep all Confidential Information strictly confidential and not to use Confidential Information for any purpose or disclose Confidential Information to any person or entity (a) during my employment, except as expressly authorized by and for the benefit of Lakeview and in the course of my duties as an employee or (b) at any time after my employment ends.

   I agree I will not disclose to any person, company, business entity or other organization whatsoever; any trade secrets or confidential information, knowledge or data of Lakeview, relating or belonging to Lakeview, including but not limited to information, knowledge or data concerning costs, purchasing, profits, markets, sales, organization structures, executives or customers, including but not limited to surveys, customer lists, lists of prospective customers, customer account records, sales records, training and servicing materials, programs and techniques, company manuals and policies, computer programs, software architecture, design or code, software and disks, financial statements and projections, business plans, budgets, supplier lists, contracts, compensation schedules, and pricing information, any document marked "Confidential," or any information which I have been told is "Confidential" or which I might reasonably expect Lakeview would regard as "Confidential", or any information which has been given to Lakeview in confidence by customers, suppliers or other persons. Even if a document has not been marked "Confidential," I shall treat the document and its contents as confidential information if I have been told or otherwise know or reasonably should know the document and its contents are confidential. I will not at any time during the continuance of my employment with Lakeview make any notes or memoranda relating to any matter within the scope of Lakeview's business, dealings or affairs other than for the benefit of Lakeview.

5. **RETURN OF PROPERTY.** At the time that my employment terminates, or at any other time that Lakeview so requests, I will turn over to Lakeview all property of Lakeview and all Confidential Information in any form. I will not keep any copies of such materials.

6. **ABSENCE OF PRIOR AGREEMENTS.** I represent as follows: (a) My entering into employment with Lakeview under this Agreement does not constitute a breach of any contract, agreement or understanding, and I am free to execute this Agreement and to enter into the employ of Lakeview; (b) I am not bound by the terms of any agreement with any previous employer or other party to refrain from (i) competing, directly or indirectly, with the business of such previous employer or any other party; or (ii) soliciting customers, prospective customers, or employees of such previous employer or other party. If I am subject to an agreement or any other obligation to maintain the confidentiality of any trade secret or other confidential or proprietary information of a previous employer or other party, I shall maintain the confidentiality of such information. I shall produce copies of any and all agreements to Lakeview upon Lakeview's request. To the extent that I have any such continuing obligations to any former employer or other person, I have no reason to believe that any such obligations will interfere with my performance of any job responsibilities for Lakeview.

7. **WORKS BELONG TO LAKEVIEW.** All Works (as defined below) shall be the sole property of Lakeview. Lakeview shall be the sole owner of all patents, trademarks, copyrights and other rights relating to Works. I acknowledge that all Works are "work(s) made for hire", as defined under the United States Copyright Act, and become the property of Lakeview, and I assign to Lakeview any and all rights that I may have or acquire in all Works. I agree to disclose promptly to Lakeview or its authorized agent all information regarding Works as soon as is possible. I agree to maintain accurate and adequate records of all Works.

   "Works" shall mean all items created or made, discoveries, concepts, ideas and fixed expressions thereof, whether or not patentable or registerable under copyright or other statutes, including but not limited to software, source and object code, hardware, technology, products, services and support offerings, machines, programs, process developments, formulae, methods, techniques, know-how, data and improvements,

PLAINTIFF'S EXHIBIT 1



**LAKEVIEW TECHNOLOGY INC.**

**EMPLOYEE AGREEMENT - U.S.**

which: (1) I make or conceive or reduce to practice or learn alone or jointly with others who are retained, employed or acting on behalf of Lakeview and are relative to Lakeview's business; (2) occur during the period of, as a consequence of, or in connection with my employment by Lakeview; (3) result from tasks assigned to me by Lakeview; or (4) result from use of property, premises or facilities owned, leased or contracted for by Lakeview.

This paragraph shall not apply to any development which meets all of the following three conditions: (1) I do the work entirely by myself without use of Lakeview's facilities, knowledge, property or resources, (2) I do the work entirely on my own time, and (3) the development does not relate to Lakeview's business or research or to its planned business or research.

8. **DUTY TO COOPERATE.** At all times during and after my employment, I agree to perform all tasks and execute all papers necessary or appropriate to grant Lakeview the full benefits granted in this Agreement or to facilitate Lakeview's securing and enforcing all rights pertaining to this Agreement.

9. **DUTY OF LOYALTY.** I agree that I will devote my full attention and efforts to the performance of my duties as Lakeview may establish from time to time. In all aspects of my employment with Lakeview, I shall act in the utmost good faith, deal fairly with Lakeview, and fully disclose to Lakeview all information which Lakeview might reasonably consider to be important or relevant to Lakeview's business. (For the purpose of Sections 7, 9, 10 and 11 of the Agreement, "Lakeview" shall mean all affiliated entities of Lakeview, including its parent corporation and successors.) While still employed by Lakeview, I shall not establish, operate, participate in, advise, or assist to establish in any manner whatsoever any business, whether or not such business would be in competition with Lakeview's business, and I shall not take any preliminary or preparatory steps toward establishing or operating such business, including soliciting customers or other Executives of Lakeview with respect to such business prospects or even discussing said business prospects with customers or other Executives of Lakeview. I shall not take action which would divert from Lakeview any business opportunity in which Lakeview may or could be interested. I shall immediately notify Lakeview of any actual or potential business opportunity of which I become aware, whether or not I believe the opportunity is of interest to Lakeview.

10. **NON-SOLICITATION OF CERTAIN EXISTING AND PROSPECTIVE CUSTOMERS.** I hereby agree that, during my employment by Lakeview pursuant to this Agreement and for a period of one (1) year following the termination or separation from employment with Lakeview for any reason, I shall not, directly or indirectly and in any way, whether as principal or as director, officer, executive, consultant, agent, partner or stockholder to another entity (other than by the ownership of a passive investment interest of not more than 1% in a company with publicly traded equity securities) solicit or accept on behalf of another or attempt to entice away from Lakeview (i) any customer of Lakeview with whom I had contact as an employee of Lakeview in the course of my duties, in order to sell such customer the same, similar, or related services and/or products which such customer purchased from Lakeview during my employment with Lakeview, or (ii) any prospective customer of Lakeview. As used herein, "prospective customer of Lakeview" shall include only those prospective customers to whom Lakeview or its strategic partners have made a written proposal during the twenty-four (24) consecutive calendar months preceding my separation from Lakeview regardless of surrounding circumstances, or had made at least two (2) sales visits.

11. **NON-SOLICITATION OF LAKEVIEW EMPLOYEES AND EMPLOYEES OF LAKEVIEW'S STRATEGIC PARTNERS.** I hereby agree that, during my employment by Lakeview pursuant to this Agreement and for a period of one (1) year immediately following my separation from Lakeview, howsoever arising, either on my own account or in conjunction with or on behalf of any other person, company, business entity, or other organization whatsoever directly or indirectly (i) induce, solicit, entice or procure, any person who is a key Lakeview employee to leave such employment; (ii) induce, solicit, entice or procure, any person who is a key employee of one of Lakeview's strategic business partners to leave such employment; or otherwise engage or use the services of any person who: (1) is a key Lakeview employee on the separation date; or (2) had been a key Lakeview employee in any part of the one (1) year immediately preceding the separation date. As used in this Section 11, "key Lakeview employee" shall mean any officer of Lakeview and any other employee who has a written employment agreement with Lakeview. I agree and acknowledge that Lakeview has invested substantial resources toward the cultivation of relationships with key strategic partners and that any attempt by me to entice away key employees of such strategic business partners would result in an irreparable injury to Lakeview's protectable interest in its relationships with such strategic partners.

12. **BINDING EFFECT.** This Agreement shall inure to the benefit of and be binding upon Lakeview, its successors and assigns, and on me, my successors, assigns, heirs, executors, administrators and legal representatives.

13. **NEED FOR THIS AGREEMENT.** I agree that because of the nature of Lakeview's business, the restrictions contained in this Agreement are reasonable and necessary in order to protect the legitimate interests of Lakeview. Because of my knowledge of Lakeview's business, in the event of my actual or threatened breach of the provisions of Sections 4, 7, 9, 10 and 11, Lakeview shall be entitled to, and I hereby consent to, an injunction restraining me from any of the foregoing. However, nothing herein shall be construed as prohibiting Lakeview from pursuing any other available remedies for such breach or threatened breach, including the recovery of damages from me. I agree that the provisions of this Section 13 are necessary and reasonable to protect Lakeview in the conduct of its business. If any restriction contained in this Agreement shall be deemed to be invalid or unenforceable by reason of extent, duration or geographic scope thereof, then the extent, duration, and geographic scope of such restriction shall be deemed to be reduced to the fullest extent, duration and geographic scope permitted by law and enforceable.

LTLUS-EEAgt/98-11-02

**LAKEVIEW**
TECHNOLOGY

## LAKEVIEW TECHNOLOGY INC.

### EMPLOYEE AGREEMENT - U.S.

The one (1) year period referred to in Sections 9, 10, and 11 shall be extended by one (1) month for each month or portion of each month during which I am in violation of Sections 9, 10, and 11.

14. **SEVERABILITY.** If any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, such invalidity will not affect any other provision of this Agreement.

15. **APPLICABLE LAW.** This Agreement is to be interpreted in accordance with the substantive law of the State of Illinois, without reference to its choice of law provisions, and shall be deemed to be executed in the State of Illinois.

16. **CONSENT TO JURISDICTION.** In the event of any court action to enforce any provision of this Agreement, Lakeview and I consent to and submit to the jurisdiction of the Circuit Court of DuPage County, Illinois and the United States District Court for the Northern District of Illinois.

17. **ENTIRE AGREEMENT.** This Agreement represents the entire Agreement between Lakeview and me and supersedes all prior or contemporaneous oral or written agreements between us relating to this subject matter. This Agreement may not be amended or altered except by a writing signed by both parties.

18. **I ACKNOWLEDGE THAT I HAVE READ THIS AGREEMENT CAREFULLY, AND THAT I FULLY UNDERSTAND AND AGREE TO ALL ITS TERMS.**

Name of Employee: _Eric D. Robinson_

Signature of Employee: _[signature]_

Date of Employment: _2/15/2001_

Date of Agreement: _2/15/2001_

Accepted by:

LAKEVIEW TECHNOLOGY INC.

By: _[signature]_
William C. Merchantz, President & CEO

Witnessed by: _[signature]_

LTI.US-EEAgt/98-11-02



## LAKEVIEW TECHNOLOGY INC.

ADDENDUM TO EMPLOYEE AGREEMENT
DATED  2/15/2001
BETWEEN LAKEVIEW TECHNOLOGY INC.
AND  Eric D. Robinson

REPLACE SECTION 3.

3. **TERM OF EMPLOYMENT.** I understand and agree that my employment with Lakeview is at will, subject only to the terms of this Section. I understand I may terminate my employment with Lakeview at any time without cause upon giving Lakeview 30 days written notice. Lakeview may terminate my employment at any time without cause upon giving me 30 days written notice, or 30 days base pay in lieu of notice. My employment may be immediately terminated for cause at any time. Cause includes, but is not limited to, substandard performance, failure to perform in accordance with company policies and rules, or any act of dishonesty. Lakeview shall have no obligation to pay 30 days base salary upon termination of employment for cause, whether with or without notice. I understand that certain terms of this Agreement remain in effect after termination of my employment, regardless of the reason for termination.

ADD AS SECTION 19.

19. **NON-COMPETITION.** Except with the prior written consent of Lakeview, during my employment with Lakeview and for a period of one year after that employment ends, I will not participate in or be engaged directly or indirectly anywhere in the world where I actively participated to generate business for Lakeview (which I acknowledge constitutes the geographic scope of Lakeview's market area) in any Competitive Business, whether as owner, partners, director, shareholder, investor, consultant, agent, employee, co-venturer, or otherwise. "Competitive Business" means any corporation, company, association, partnership, limited partnership, or other entity that is engaged in the research, development, manufacture, license, or sale of computer software, services, or products similar to software, services, or products developed and/or sold by Lakeview or software, services, or products otherwise related directly to Lakeview's business. I understand that the restrictions set forth in this Section are intended to protect Lakeview's interests in its Confidential Information and established commercial relationships and goodwill, and agree that such restrictions are reasonable and appropriate for this purpose.

The one (1) year period referred to in this Section shall be extended by one (1) month for each month or portion of each month during which I am in violation of this Section.

Name of Employee: _Eric D. Robinson_

Signature of Employee: _[signature]_

Date of this Addendum: _2/15/2001_

Accepted by:

LAKEVIEW TECHNOLOGY INC.

By: _[signature]_
William C. Merchantz, President & CEO

Witnessed by: _[signature]_

LTI.US-EBAdd-VP/98-11-02

# Exhibit B

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

January 11, 2006

*Before*

**Hon. RICHARD A. POSNER**, *Circuit Judge*

| | |
|---|---|
| LAKEVIEW TECHNOLOGY, INCORPORATED,<br>    Plaintiff-Appellant,<br><br>No. 05-4433         v.<br><br>ERIC ROBINSON,<br>    Defendant-Appellee. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 05 C 3227<br>]<br>] Charles P. Kocoras,<br>]    Chief Judge. |

The following are before the court:

1. **PLAINTIFF-APPELLANT LAKEVIEW TECHNOLOGY, INC.'S MOTION FOR CONTINUED SEALING OF CONFIDENTIAL MATERIALS IN THE RECORD ON APPEAL**, filed on January 6, 2006, by counsel for the appellant.

2. **PLAINTIFF-APPELLANT LAKEVIEW TECHNOLOGY, INC.'S MOTION FOR CONTINUED SEALING OF CONFIDENTIAL MATERIALS IN THE RECORD ON APPEAL**, filed on December 15, 2005, by counsel for the appellant.

    IT IS ORDERED that #1 is GRANTED. Counsel for the appellant shall file redacted copies of document no. 68 (redacting Exhibit C), document no. 79 (redacting Exhibit E), and document no. 76 (redacting Exhibit A to Exhibit 5). The redacted copies shall be placed in the public record and the non-redacted copies shall be maintained under seal.

    IT IS FURTHER ORDERED that documents no. 75 and 83 shall be unsealed.

# Exhibit C

**From:** Cathleen Keene
**Sent:** Wednesday, April 20, 2005 12:51 PM
**To:** Stephen Massey; Cindy Leon Guerrero
**Cc:** Tim Keithahn; Alan Arnold; Nicolaas Vlok; Don Scott
**Subject:** RE: Eric Robinson

OK, great – we are all set then! Thanks for your quick response.

Cathi

---

**From:** Stephen Massey
**Sent:** Wednesday, April 20, 2005 12:49 PM
**To:** Cathleen Keene; Cindy Leon Guerrero
**Cc:** Tim Keithahn; Alan Arnold; Nicolaas Vlok; Don Scott
**Subject:** RE: Eric Robinson

That has already been done. I just don't the names to be released yet.

Regards,

Steve

ph 830-981-5428
ce 210-865-6133

Disclaimer - 10/7/2004
The contents of this e-mail (and any attachments) are confidential, may be privileged, and may contain copyright material of Vision Solutions, Inc. or third parties. You may only reproduce or distribute the material if you are expressly authorized by Vision Solutions to do so. If you are not the intended recipient, any use, disclosure or copying of this e-mail (and any attachments) is unauthorized. If you have received this e-mail in error, please immediately delete it and any copies of it from your system and notify us via e-mail at helpdesk@visionsolutions.com

---

**From:** Cathleen Keene
**Sent:** Wednesday, April 20, 2005 2:48 PM
**To:** Stephen Massey; Cindy Leon Guerrero
**Cc:** Tim Keithahn; Alan Arnold; Nicolaas Vlok; Don Scott
**Subject:** RE: Eric Robinson

Steve, HR does not make any "announcement" about a new hire and their specific position, etc. However, as soon as we start setting up their appointment for training during their first

week and making arrangements for their equipment/facilities set up, word will get out that the hire has been made. So while we don't have to disclose the name or where they are from – it might make sense for you to at least notify their direct reports that the hire has been made and that more information will follow later. This is probably more needed for NA Sales than for APAC... ... what do you think?

Cathi

---

**From:** Stephen Massey
**Sent:** Wednesday, April 20, 2005 12:34 PM
**To:** Cindy Leon Guerrero
**Cc:** Cathleen Keene; Tim Keithahn; Alan Arnold; Nicolaas Vlok; Don Scott
**Subject:** RE: Eric Robinson
**Importance:** High

Cindy,

Please, no announcement for Eric Robinson or Allan Campbell! We have agreements with each that no hard announcement will be made. I will not be telling my staff about the new VP of Americas or Director of Sales, APAC until they have started with Vision. It is imperative that these names remain confidential within a small number of people at Vision.

Regards,

Steve

ph 830-981-5428
ce 210-865-6133

Disclaimer - 10/7/2004
The contents of this e-mail (and any attachments) are confidential, may be privileged, and may contain copyright material of Vision Solutions, Inc. or third parties. You may only reproduce or distribute the material if you are expressly authorized by Vision Solutions to do so. If you are not the intended recipient, any use, disclosure or copying of this e-mail (and any attachments) is unauthorized. If you have received this e-mail in error, please immediately delete it and any copies of it from your system and notify us via e-mail at helpdesk@visionsolutions.com

---

**From:** Cindy Leon Guerrero
**Sent:** Wednesday, April 20, 2005 2:19 PM
**To:** Stephen Massey
**Subject:** Eric Robinson

Hi Steve,

We (HR) need to send out the new hire notification for Eric Robinson so before we did this we wanted to give you an opportunity to communicate to your staff that Eric will be joining the Sales team.

If you haven't already, can you advise us when you will be notifying the staff?

Thanks,
Cindy

Disclaimer - 4/20/2005
The contents of this e-mail (and any attachments) are confidential, may be privileged, and may contain copyright material of Vision Solutions, Inc. or third parties. You may only reproduce or distribute the material if you are expressly authorized by Vision Solutions to do so. If you are not the intended recipient, any use, disclosure or copying of this e-mail (and any attachments) is unauthorized. If you have received this e-mail in error, please immediately delete it and any copies of it from your system and notify us via e-mail at helpdesk@visionsolutions.com.